IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THORCO, INC., | CV 25–54–M–DWM |
| Debtor. | |
| DENNIS THORNTON, | ORDER |
| Plaintiff-Appellant, | |
| vs. | |
| CHRISTY BRANDON, Chapter 7 Trustee, et al., | |
| Defendant-Appellees. | |

On April 8, 2025, Plaintiff-Appellant Dennis Thornton appealed an order in a Chapter 7 bankruptcy proceeding that, *inter alia*, designated him as a vexatious litigant and imposed monetary sanctions against him. (Doc. 1; 9:22-bk-90119-WLH, Doc. 509 (Bnkr. D. Mont. 2025) ("Vexatious Litigant Order" or "Order").)[1] This is Thornton's third of four appeals from the same underlying bankruptcy proceeding before this Court. Thornton's first appeal was dismissed, and monetary sanctions were imposed against him for the frivolousness of his appeal. (*Thornton*

_____

[1] Filings in the underlying bankruptcy proceedings are cited as: "Bnkr. [Docket No.]."

1

*v. Brandon*, 9:24-cv-00160-DWM, Doc. 61 (finding Thornton's conduct constituted abusive litigation), Doc. 72 (awarding attorney fees and costs).) Thornton's second appeal was also dismissed. (*Thornton v. Brandon*, 9:25-cv-0078-DWM, Doc. 17.) In this appeal, Thornton seeks to have the Vexatious Litigant Order reversed, his designation as a vexatious litigant vacated, and remand with specific instructions. (Doc. 10.) For the reasons explained below, this appeal is dismissed for lack of jurisdiction.

## BACKGROUND

Because a complete background of the underlying facts is provided in the Court's August 12, 2025 Order in a related appeal, (*Thornton v. Brandon*, 9:24-cv-00160-DWM, Doc. 61), it is not fully restated here. However, specific facts that are particularly relevant are provided below.

For nearly a decade, Thornton, individually or on behalf of Debtor Thorco, Inc.,[2] has engaged in litigation against Appellees Whitefish Credit Union, Neal Bouma, MO Somers, LLC, and Ruis Glacier, LCC ("Appellees") over real property located in Somers, Montana ("Somers Property" or "Property"), despite Whitefish Credit Union having lawfully acquired title to the Somers Property in 2016 pursuant to a settlement agreement. (Bnkr. Doc. 509 at 2.) Portions of this

---

[2] Thorco, Inc. is an entity owned and controlled by Dennis Thornton and his wife, Donna Thornton (together, the "Thorntons").

2

Property were later transferred to Bouma, MO Somers, and Ruis Glacier. (*Id.*) Twice the Montana Supreme Court has determined that Thornton's claims to the Somers Property are contrary to the 2016 settlement agreement. *Thornton v. Whitefish Credit Union*, 455 P.3d 435 (Mont. 2019); *Thorco, Inc. v. Whitefish Credit Union*, 492 P.3d 1228 (Mont. 2021). The Montana Supreme Court also affirmed the state court's pre-filing vexatious litigant order, holding that "[t]he District Court did not abuse its discretion by declaring Thorco a vexatious litigant and imposing a pre-filing and pre-recording order." *Thorco, Inc.*, 492 P.3d at *3.

In the underlying bankruptcy proceeding, the action "has specifically centered on the debtor's adversary proceeding claims, which were narrowed to a Bankruptcy Code section 544(b) claim." (Bnkr. Doc. 509 at 2.) Following the conversion of the case into one under Chapter 7, the case trustee ("Chapter 7 Trustee") was substituted as plaintiff on the estate's behalf, and she and the Defendants sought approval of a joint settlement of the bankruptcy estate's claims. (*Id.* (citing Bnkr. Doc. 295).) Thornton opposed this settlement. (*See, e.g.*, Bnkr. Doc. 306.) This opposition "did not focus on the section 544(b) claim" and instead consisted of theories that "were (i) contrary to the central premise of the debtor's live claims, (ii) related to claims in the debtor's first adversary proceeding complaint that were dismissed based on principles of claim and issue preclusion, and (iii) contrary to the Montana Supreme Court's prior decisions." (Bnkr. Doc.

3

509 at 2–3.)  These theories were litigated "in an increasingly vexatious and harassing manner." (*Id.* at 3.)  "Thornton, purportedly on the debtor's behalf, also sought document production from the credit union, the title company, and the case trustee, much of which had no apparent relevance to the section 544(b) claim or the settlement motion." (*Id.* (citing Bnkr. Docs. 315, 316, 317).)  This request was opposed, and the Bankruptcy Court ruled on the request at an August 14, 2024 hearing on the settlement motion, advising that "it was not in any way inclined, nor does it have the ability, to revisit issues already litigated and finally decided in Montana state court because '[t]hat door is closed and nailed shut.'" (*Id.* (citing Bnkr. Doc. 495 at 10–12 (transcript)).)

On September 6, 2024, Whitefish Credit Union requested a prefiling vexatious litigant order against Thornton and the other targets.  (Bnkr. Doc. 358.)  In response, Thornton filed a motion for contempt and discovery sanctions against Whitefish Credit Union and its counsel, seeking that counsel be subject to "imprisonment or fine or both until such time as complies with [the] Administrative Matters Order."[3]  (Bnkr. Doc. 378.)  The Bankruptcy Court denied this motion.  (Bnkr. Doc. 391.)

---

[3] Thornton argued that Whitefish Credit Union failed to comply with the Administrative Matters Order because of Whitefish Credit Union's "sent the document production to Thornton via a secured link rather than via paper mail. But the attachments to Thornton's motion reflect that [Whitefish Credit Union] sent Thornton the documents via an electronic secure file exchange service (which

4

Following a full-day evidentiary hearing on September 27, 2024, and post-hearing oral argument the next day, the Bankruptcy Court granted the settlement motion. (Bnkr. Docs. 390, 392, 415.) On December 5, 2024, Thornton and other targets,[4] filed a complaint in state court against the Chapter 7 Trustee and others, which included Whitefish Credit Union, MO Somers, Ruis Glacier, and Neal Bouma. (Bnkr. Doc. 464-1.) They then adopted the state court complaint in the underlying bankruptcy proceeding, "relying upon it as a basis to object" to the Chapter 7 Trustee's fee application. (Bnkr. Doc. 509 (citing Bnkr. Doc. 469).) On December 11, 2024, the state court dismissed the action *sua sponte* as violative of the February 2020 prefiling vexatious litigant order, which was affirmed by the Montana Supreme Court. (Bnkr. 491-2 (referencing *Thorco, Inc. v. Whitefish Credit Union*, 492 P.3d 1228 (Mont. 2021)).)

## ANALYSIS

Thornton argues that the Vexatious Litigant Order must be reversed because Appellees lack standing. As to his vexatious litigant designation, he argues that the Order fails to examine the four factors required for such a designation. As to the imposition of monetary sanctions, Thornton argues that the Order did not make the

---

Thornton apparently did not want to use for some unclear reason) and also mailed the documents to Thornton per his request." (Bnkr. Doc. 509 (citing Bnkr. Doc. 378).)

[4] Nicholas Ramlow, Dennis Murphy, and Jeff Cameron. (Bnkr. Doc. 464-1 at 1.)

specific bad-faith findings required for such sanctions. These arguments need not be reached because the Vexatious Litigant Order is an interlocutory order that was not accompanied by a motion for leave to appeal. Pursuant to Rule 8004(d), treating Thornton's Notice of Appeal as a motion for leave to appeal, it is denied.

This Court has appellate jurisdiction over the appeal from the United States Bankruptcy Court pursuant to 28 U.S.C. § 1291. A district court "shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referring to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1). Thornton insists that the Vexatious Litigant Order "is final and appealable." (Doc. 10 at 6.) However, pre-filing vexatious litigant orders are interlocutory orders. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007) (per curiam) (explaining that an "order imposing sanctions on a party is not appealable before the entry of final judgment" and holding that "orders entered against vexatious litigants are . . . not immediately appealable"); *In re Koshkalda*, 622 B.R. 749, 757 (9th Cir. BAP 2020) (citing *Molski* and explaining that, in bankruptcy cases, pre-filing orders are not final and appealable until judgment is entered concluding the litigation).

Thus, the Vexatious Litigant Order may not be appealed as a matter of right pursuant to Section 158(a)(1). A district court only has jurisdiction to hear appeals from interlocutory orders "with leave of the court." 28 U.S.C. § 158(a)(3).

6

Consistently, Rule 8004 of the Federal Rules of Bankruptcy Procedure requires that an appeal under Section 158(a)(3) of a bankruptcy court's interlocutory order "be accompanied by a motion for leave to appeal." Fed. R. Bnkr. P. 8004(a)(2). No such motion was included here. (*See* Doc. 1.) In the absence of such a motion, a district court may "treat the notice of appeal as a motion for leave to appeal and grant or deny it." Fed. R. Bnkr. P. 8004(d)(1); *In re MSB Film Corp.*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994). Thornton's Notice of Appeal is treated as a motion for leave to appeal under Rule 8004(d)(1), and it is denied.

The determination of whether to grant leave to appeal is discretionary. *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995). To make such a determination, courts "looks to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals." *Id.* Consistently, "[l]eave to appeal an interlocutory order is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation." *Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*, 614 B.R. 344, 351 (N.D. Cal. 2020). "[A] question of law is 'controlling' if its resolution on appeal could 'materially affect the outcome of the litigation in [the lower] court.'" *Id.* (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)).

7

"[S]ubstantial grounds for a difference of opinion on a legal question are generally found to exist where (1) the relevant circuit court has not spoken on the point and other circuits are in dispute, (2) complicated questions of foreign law are involved, or (3) the issue presents novel and difficult questions of first impression." *Id.* at 352.

A controlling question of law as to which a substantial ground for a difference in opinion does not exist here. Whether Thornton was appropriately designated a vexatious litigant is not a question of law that would materially affect the outcome of the underlying bankruptcy proceeding. And the process to designate a litigant as vexatious is clear in this Circuit. *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990) (explaining the requisite factors to impose a vexatious litigant sanction); *Molski*, 500 F.3d at 1057 (applying the *De Long* factors).[5] Nor does the appeal present questions of foreign law or novel and difficult questions of first impression. Accordingly, construing Thornton's Notice of Appeal as a motion for leave to appeal under Rule 8004(d)(1), it is denied.

---

[5] *Compare* Vexation Litigation Order, (Bnkr. Doc. 509 at 6, 6 n.24 (sanctioning Thornton through its "inherent power" because "it lacks the authority to award [28 U.S.C. §] 1927 sanctions) *with Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc.*, 110 Fed. App'x 283, 286–87 (3d Cir. 2004) (explaining that while the circuits are split on whether a court may sanction a pro se litigants under § 1927, the court may award "identical sanction" under its inherent authority) (collecting cases).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Thornton's requests, (Doc. 1) are DENIED and his appeal is DISMISSED for want of jurisdiction. The Clerk of Court is directed to enter judgment consistent with this Order.

DATED this 27ᵈ day of April, 2026.

Donald W. Molloy, District Judge
United States District Court

9